UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HEAR-WEAR TECHNOLOGIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0212-CVE-SAJ |
| | ) | |
| **OTICON, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is the Motion to Amend Answer to Complaint, Affirmative Defenses and Counterclaims (Dkt. # 94), filed by Defendant Phonak LLC ("Phonak"), and Phonak LLC's Motion for Joinder of Parties (Dkt. # 95). Defendant seeks to add two antitrust counterclaims and join five new parties as counterclaim defendants. Plaintiff Hear-Wear Technologies, LLC ("Hear-Wear") opposes each of defendant's proffered amendments. Plaintiff claims that the amendments are futile because they fail to state a claim for which relief may be granted. Dkt. # 103, at 3. In response, Defendant contends that plaintiff's arguments are premature and would be more appropriately addressed in a dismissal motion. Dkt. # 107, at 2. For the reasons set forth below, the Court finds that defendant's motion should be granted in part and denied in part.

I.

The instant civil action arises from the alleged infringement of four of Hear-Wear's hearing aid patents ("Patents"). Dkt. # 72, at 1. Hear-Wear claims that Phonak and its co-defendants (collectively "defendants"), manufacturers of a variety of hearing aid products, willfully and deliberately infringed the Patents. Id. at 1-2. As a result of such infringement, Hear-Wear filed suit

on April 6, 2007, seeking declaratory and injunctive relief, compensatory and "enhanced" damages, and attorneys' fees and costs. Dkt. # 2, at 7; Dkt. # 94-2, at 30. Defendants aver that their hearing aid products do not infringe the Patents, that the Patents are invalid and unenforceable, and that any alleged infringement was neither willful nor deliberate. Dkt. # 72, at 2.

On October 30, 2007, Phonak filed a motion to amend its answer and counterclaims and join five counterclaim defendants, namely James and Michael Feeley (collectively "Feeleys"), Sebo Teck Hearing Systems ("Sebo Tek"), J&M Sound Technologies ("J&M Sound"), and Cleartone Hearing Aid Laboratories ("Cleartone").[1] Dkt. # 94. Phonak's first proffered counterclaim alleges a combination or conspiracy in restraint of trade in violation of section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. Dkt. # 94-2, at 14. Phonak asserts that the Feeleys created Hear-Wear as a shell corporation "for the purposes of sheltering the Feeleys from liability for their actions for which they are personally liable." Id. at 15. According to Phonak's allegations, James Feeley is the owner, president, and registered agent of Sebo Tek. Id. James Feeley is also the registered agent of J&M Sound, which is the "parent entity of counterclaim defendant Hear-Wear." Id. Additionally, the Feeleys own Cleartone, which is an "affiliated corporate entity of counterclaim defendant Hear-Wear" and a "sister company" of Sebo Tek. Id. at 16. James Feeley is the president and registered agent of Cleartone and Michael Feeley is the vice president. Id. Phonak lists the same addresses and phone numbers for Hear-Wear and nearly all of counterclaim defendants. See id. at 14-16.

Further, Phonak alleges that the Feeleys indirectly own and effectively control Hear-Wear, Sebo Tek, Cleartone, and J&M Sound. Id. at 25. Phonak claims that "Sebo Tek and the Feeleys are

---

[1] Phonak filed its motion to amend within one day of the scheduling order deadline for joinder of additional parties and amendment to the pleadings. See Dkt. # 78.

2

funding and directing this objectively baseless lawsuit, while hiding behind the judgment-proof and virtually assetless shell company Hear-Wear." Id. at 25-26. Sebo Tek is alleged to be a shell corporation as well. Id. at 26. Phonak further avers that Cleartone "is the direct beneficiary of the counterclaim defendants' illegal conduct, while hiding behind the judgment proof and virtually assetless shell company Hear-Wear." Id. at 27. In sum, "Hear-Wear, the Feeleys, Sebo Tek, J&M Sound, and Cleartone entered into a combination and/or conspiracy to block the entry of new products into the market by having the shell Hear-Wear assert an objectively baseless lawsuit . . . to block [defendants'] launch of improved hearing aid products." Id. at 17.

Phonak's second proffered counterclaim alleges that counterclaim defendants' combination or conspiracy violates sections 203(A) and (B) of the Oklahoma Antitrust Reform Act, OKLA. STAT. tit. 79, § 203(A), (B), id. at 29, which precludes unilateral acts or combinations in restraint of trade and actual or attempted monopolization. Phonak claims that the relevant line of commerce is hearing aids in the United States, which "is characterized by healthy competition amongst a number of competitors, including [] defendants in this case." Id. at 16. Phonak avers that counterclaim defendants' actions "have had an anti-competitive effect and intentionally caused harm to Phonak, which has stopped or limited importation of its accused products into the United States." Id. at 28. Phonak further avers that its co-defendants and other competitors have been comparably harmed. Id. at 29. According to Phonak, market competition has been and will be adversely affected. Id. at 29-30. Phonak does not assert, however, factual allegations with regard to its monopolization claim. See id. at 29-30.

## II.

A defendant is required to affirmatively plead "any . . . matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). When a party omits an affirmative defense or discovers new evidence giving rise to a defense as discovery proceeds, the party must move to amend his pleadings under Fed. R. Civ. P. 15(a) to rely on that defense in a dispositive motion or at trial. With regard to the addition of a counterclaim, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f). Ahmad v. Furlong, 435 F.3d 1196, 1202 (10th Cir. 2006); Harris v. United States Dep't of Veterans Affairs, 126 F.3d 339, 345 (10th Cir. 1997). As a practical matter, courts have generally construed Rule 13(f) and Rule 15(a) together and treat a motion to add omitted counterclaims under the same standard that governs other types of motions to amend pleadings. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 940 (4th Cir. 1995); Triad Elec. & Controls, Inc. v. Power Sys., 117 F.3d 180, 192 (5th Cir. 1997); Aerotech Res., Inc. v. Dodson Aviation, Inc., No. CIV. A. 00-2099-CM, 2001 WL 474302, *3 (D. Kan. Apr. 23, 2001).

Rule 15(a) provides that "leave shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted); Duncan v. Manager, Dep't. of Safety, 397 F.3d 1300, 1315 (10th Cir. 2005); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). The purpose of Rule 15(a) is to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter, 451 F.3d at 1204 (quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)). Nevertheless, a court may deny leave to amend if the amendment would be futile.

Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile if the new claims or defenses would be subject to dismissal. Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006); Bradley v. J.E. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

### III.

Hear-Wear argues that Phonak's proposed § 1 counterclaim is futile because the U.S. Supreme Court's decision in Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752 (1984), "forecloses the possibility of Phonak's stating a claim for an antitrust conspiracy among related corporations and their officers." Dkt. # 103, at 3. According to Hear-Wear, Phonak alleges that counterclaim defendants are either: "(1) officers or owners of the same corporations, (2) parent and subsidiary corporations, or (3) sister corporations," all of which Copperweld and its progeny have held "incapable of combining or conspiring under the antitrust laws." Id. Moreover, Phonak reiterates that Hear-Wear and Sebo Tek are mere shell corporations. Dkt. # 94-2, at 25-26.

Section 1 of the Sherman Act states that "[e]very contract, combination . . . or conspiracy, in restraint of trade . . . is declared to be illegal." 15 U.S.C. § 1. In Copperweld, the Court held that "[i]n any conspiracy, two or more entities that previously pursued their own interests separately are combining to act as one for their common benefit." 467 U.S. at 769. The Court found that just as a corporation cannot conspire with its own officers, employees, or internal divisions, id. at 769-71, a corporation cannot conspire with its wholly-owned subsidiary because a "parent and its wholly[-]owned subsidiary have a complete unity of interest," id. at 771. They share common objectives, have the same corporate consciousness, and "are not unlike a multiple team of horses drawing a vehicle under the control of a single driver." Id. "[T]he subsidiary acts for the benefit of the parent, its sole shareholder." Id. Therefore, because a parent and a wholly-owned subsidiary maintain a

complete unity of interest, they cannot form "a unity of purpose or a common design and understanding, or a meeting of minds" solely for the purpose of restraining trade, as required by § 1. Id. at 771-72 (internal quotation marks and citation omitted).

The courts have extended Copperweld beyond the parent-subsidiary context. The Third, Fourth, Fifth, Sixth, and Eighth Circuits have held that two wholly-owned subsidiaries of the same corporate parent, acting in concert, cannot conspire with one another for purposes of § 1. Davidson Schaaff, Inc. v. Liberty Nat. Fire Ins., 69 F.3d 868, 871 (8th Cir. 1995); Siegel Transfer, Inc. v. Carrier Exp., Inc., 54 F.3d 1125, 1133 (3d Cir. 1995); Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 145-147 (4th Cir. 1990); Directory Sales Mgmt. Corp. v. Ohio Bell Tel. Co., 833 F.2d 606, 611 (6th Cir. 1987); Hood v. Tenneco Tex. Life Ins. Co., 739 F.2d 1012, 1015 (5th Cir. 1984). Similarly, district courts within the Tenth Circuit have found that wholly-owned sister corporations are incapable of legally conspiring in restraint of trade. Horst v. Laidlaw Waste Sys., Inc., 917 F. Supp. 739, 741-42 (D. Colo. 1996); see Vulcan Materials Co. v. Atofina Chems. Inc., 355 F. Supp. 2d 1214, 1239 (D. Kan. 2005) ("Generally claims of conspiracy will not lie as to affiliated corporations."). While the Tenth Circuit has yet to address this issue, it has emphasized the requirement of coordinated activity between related entities.[2] See Mitchael v. Intracorp, Inc., 179 F.3d 847, 857 (10th Cir. 1999) ("Despite Copperweld's expansive language about the economic

---

[2] The Court notes that the Tenth Circuit has found a "limited exception" to the general rule that an employee cannot conspire with its corporate employer. In Gregory v. Fort Bridger Rendezvous Ass'n, 448 F.3d 1195, 1200 (10th Cir. 2006), the court noted the "limited exception" that at an employee of a corporation may be capable of conspiracy, but only when he has an "independent personal stake" and "stand[s] to benefit from conspiring with the corporation to restrain trade." (internal quotation marks and citation omitted). The Court finds that this limited exception does not apply here, however, in light of Phonak's shell corporation allegations. See discussion infra.

unity of a parent and subsidiary, the Court held only that 'the coordinated activity' of a parent and subsidiary must be viewed as that of a single enterprise for § 1 purposes." (quoting Copperweld, 467 U.S. at 771)) (emphasis in original).

Here, the Court finds that Phonak's proffered counterclaim alleging a combination or conspiracy in violation of § 1 is futile, as it fails to state a claim. Counterclaim defendants are related entities, being: (1) officers or owners of the same corporations, (2) parent and subsidiary corporations, or (3) sister corporations. While the Court notes that Phonak does not state the exact extent of ownership or control, this issue is not dispositive.

Phonak alleges that Hear-Wear and Sebo Tek are shell corporations, created by the Feeleys to shield liability. Dkt. # 94-2, at 15, 26. By necessity, a shell corporation requires a unity of interest; the corporate veil may be pierced only because the corporation serves as the alter ego of its owner. See NLRB v. Greater Kan. City Roofing, 2 F.3d 1047, 1052 (10th Cir. 1993) (finding that the alter ego theory necessitates "such unity of interest and disregard for the separate corporate identity" so that "the personalities and assets of the two entities are indistinct"); see HOK Sport, Inc. v. FC Des Moines, L.C., 495 F.3d 927, 936 (8th Cir. 2007) ("Under [state] law, disregarding an entity's corporate form by piercing the corporate veil is appropriate if the corporation is a mere shell, serving no legitimate business purpose, and used primarily as an intermediary to perpetrate fraud or promote injustice." (internal quotation marks and citation omitted)); see also Mitchael, 179 F.3d at 857 n.12 (implying that unity of interest may be found where one entity was merely the alter ego of its parent or sister corporations). Therefore, as to Hear-Wear, Sebo Tek, and the Feeleys, the Court finds that a § 1 conspiracy cannot exist, because these actors did not "previously pursue[] their own interests separately." Copperweld, 467 U.S. at 769. According to Phonak, the Feeleys created

7

Hear-Wear as a shell corporation "for the purposes of sheltering the Feeleys from liability for their actions for which they are personally liable." Dkt. # 94-2, at 15. "Sebo Tek, like Hear-Wear, is a shell company" too. Id. at 26. As shells, Hear-Wear and Sebo Tek shared a common purpose with the Feeleys from inception. Thus, for § 1 purposes, these counterclaim defendants are considered a single entity.

With regard to the two remaining potential counterclaim defendants, Phonak states that J&M Sound is the parent corporation of Hear-Wear, id. at 15, and notes that Hear-Wear lists no other parent entity on its corporate disclosure statement, Dkt. # 3, at 1. Given that Phonak alleges that Hear-Wear is a shell corporation and claims that Hear-Wear shares the same telephone numbers and mailing addresses as its parent J&M Sound, the Court reasons that Hear-Wear and J&M Sound very likely share common objectives, have the same corporate consciousness, and "are not unlike a multiple team of horses drawing a vehicle under the control of a single driver." Copperweld, 467 U.S. at 771. As to Cleartone, Phonak claims that the Feeleys are corporate officers and owners of Cleartone, which is an affiliated entity of Hear-Wear and a sister company of Sebo Tek. Dkt. # 94-2, 16. The Feeleys, as owners and operators, clearly manage Cleartone pursuant to their interests. Cleartone obviously cannot conspire with the Feeleys, because Cleartone "acts for the benefit of the[se] parent" owners. Copperweld, 467 U.S. at 771. Moreover, if Cleartone cannot conspire with the Feeleys, it similarly cannot conspire with Hear-Wear, J&M Sound or Sebo Tek, which share a unity of interest with the Feeleys. Thus, under the narrow circumstances of this case, the counterclaim defendants are incapable of forming a combination or conspiracy in restraint of trade under § 1.

**IV.**

The Court finds that Phonak's § 203(A) combination or conspiracy counterclaim is not futile, however. Hear-Wear contests this proffered counterclaim only on the grounds that Phonak has failed to adequately plead injury.[3] According to Hear-Wear, the "Tenth Circuit has made clear that a plaintiff 'must allege a business or property injury, and antitrust injury, as defined by the Sherman Act.'" Dkt. # 103, at 10 (quoting City of Chanute v. Williams Natural Gas Co., 955 F.2d 641, 654 (10th Cir. 1992), overruled in part on other grounds, Systemcare, Inc. v. Wang Lab. Corp., 117 F.3d 1137 (10th Cir. 1997) (emphasis in original)). Hear-Wear avers that "Phonak's conclusory and speculative allegations of antitrust injury are not sufficient" under Fed. R. Civ. P. 12(b)(6), as recently discussed by the U.S. Supreme Court in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007).

While the Court has reviewed Hear-Wear's arguments on the sufficiency of Phonak's alleged injury, the Court reserves ruling on the merits of Phonak's claim until a later time. The motions before the Court pertain to amendment — not dismissal — and Twombly did not abrogate the liberal rules of pleading. Here, Phonak's "[f]actual allegations [are] [] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Twombly, 127 S. Ct. at 1965 (citations omitted). "A motion to amend is within the trial court's discretion, Walker v. Elbert, 75 F.3d 592, 599 (10th Cir. 1996), and should not be transformed by plaintiff into a "mini-trial or summary judgment proceeding, without the

---

[3] Hear-Wear likely does not contest the unilateral nature of counterclaim defendants' alleged conspiracy because OKLA. STAT. tit. 79, § 203(A) applies to both unilateral and concerted action. Champagne Metals, Inc. v. Ken-Mac Metals, Inc., 458 F.3d 1073, 1091 (10th Cir. 2006); Harolds Stores, Inc. v. Dillard Dept. Stores, Inc., 82 F.3d 1533, 1550-51 (10th Cir.), cert. denied, 519 U.S. 928 (1996).

safeguards normally present for maturation and merits-based resolution of claims." ClearOne Commc'n, Inc. v. Chiang, No. 2:07cv00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007). Hear-Wear may raise any arguments regarding the substance of Phonak's claims in responsive pleadings. The Court concludes, therefore, that Phonak states a § 203(A) claim under Fed. R. Civ. P. 8(a).

With respect to Phonak's proffered § 203(B) counterclaim, the Court agrees with Hear-Wear that Phonak "entirely fails to allege facts sufficient to state the elements of a claim for monopolization or attempted monopolization." Dkt. # 103, at 8. Phonak does not even use the word "monopolization" in its proffered counterclaim, let alone address this issue in its response. The Court finds, therefore, that Phonak's § 203(B) counterclaim is futile.

**V.**

The Court concludes that Phonak's motions to amend should be granted in part and denied in part. Phonak's motion as to its proposed § 1 counterclaim and § 203(B) counterclaim should be denied on futility grounds. Phonak's motion should be granted, however, with regard to its § 203(A) counterclaim. The Court finds, therefore, that Phonak's motion for joinder is not moot, as alleged by Hear-Wear, Dkt. # 103, at 15, and should be granted as to the § 203(A) counterclaim.

To the extent Phonak may still seek leave to "further amend and supplement its pleading as needed," Dkt. # 107, at 2, the Court denies Phonak's request at this juncture. This Opinion and Order is not an instruction booklet for endless amendments.

**IT IS THEREFORE ORDERED** that the Motion to Amend Answer to Complaint, Affirmative Defenses and Counterclaims (Dkt. # 94) and Phonak LLC's Motion for Joinder of Parties (Dkt. # 95) are **granted in part** and **denied in part** as discussed herein. The amended answer and counterclaim shall be filed no later than **December 19, 2007.**

**DATED** this 12th day of December, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT