## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

HEAR-WEAR TECHNOLOGIES, LLC,   )
  )
  )
      Plaintiff,   )
  )
vs.   )      Case No. 07-CV-212 CVE/SAJ
  )
OTICON, INC., et.al.,   )
  )
  )
      Defendants.   )
  )

### OPINION AND ORDER

Comes on for decision Defendant and Counterclaim Plaintiff Vivatone Hearing Systems, LLC's Motion to Compel Plaintiff to Produce Documents Responsive to Request No. 11 [Dkt. #175] and the court, having considered the submissions of counsel in filings and oral argument, finds the motion shall be denied.

Vivatone seeks an order compelling Plaintiff Hear-Wear Technologies, LLC, ("Hear-Wear") to produce documents responsive to Request No. 11 of Vivatone's First Requests for Production of Documents.  Request No. 11 seeks "All documents that mention, refer, or relate to Plaintiff's efforts to license the sale, manufacture or use of any products under any of the Asserted Patents, including but not limited to draft license agreements; offers to license; the amount of royalties paid or proposed to be paid; and agreements, understandings, negotiations or valuations regarding

the value of any of the Asserted Patents."

Hear-Wear responded, asserting several objections but agreeing to produce non-privileged, responsive documents.   Four patent license agreements were thereafter produced pursuant to protective order.

Several months after Hear-Wear's discovery response and production, Hear-Wear entered into a settlement agreement with defendant Phonak and a Joint Motion for Dismissal of Claims Related to Phonak was filed.  Judge Claire V. Eagan granted the motion on June 12, 2008, dismissing all claims as to Phonak.

Vivatone was advised by counsel for Hear-Wear that a settlement agreement had been executed between Hear-Wear and Phonak.   Vivatone requested the agreement be produced and Hear-Wear responded that a court order would be required based upon a confidentiality provision.   Vivatone then filed the instant motion, on the premise that the information sought is required supplementation by a party.

Vivatone seeks the settlement agreement and corresponding license agreement and all correspondence between Hear-Wear and Phonak relating to the settlement.  Vivatone argues that both items may or may not be admissible but are discoverable. Citing  to Fed.R.Civ.P. 26,  Vivatone asserts the evidence is relevant and may lead to admissible evidence.

Hear-Wear takes no position regarding the production of the settlement agreement. Hear-Wear objects to the production of correspondence relating to the

2

settlement.  Phonak objects to the production of all documents.

Hear-Wear Objection

Hear-Wear urges the settlement correspondence is covered by the Federal Settlement Negotiation Privilege as recognized by the Sixth Circuit Court of Appeals in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F. 3d 976, 979-980 (6th Cir. 2003), and by district courts in Ohio and California. Hear-Wear acknowledged the privilege has not been recognized in the Tenth Circuit Court of Appeals, but urges this court should adopt the privilege based upon the strong public interest which it protects.  Hear-Wear quotes the *Goodyear* court in urging that maintaining the confidentiality of settlement negotiations "fosters a more efficient, more cost-effective, and significantly less burdened judicial system."

Phonak Objection

Phonak asserts it is no longer a party to the case and the terms of the settlement are confidential, the settlement is legally irrelevant because it was entered into long after the hypothetical negotiation for a reasonable royalty and the terms of the agreement are legally irrelevant to a hypothetical negotiation, which must reflect arm's length non-litigation royalties.

Arguments and Authority

The parties agree that the negotiations which resulted in the Phonak settlement began at a court ordered settlement conference. The Northern District of Oklahoma, in adopting local rules for the settlement program in this district,

3

specifically addressed the confidentiality of the proceedings in LCvR16.2(i), which states:

> The settlement judge, all counsel and parties, and any other persons attending the settlement conference shall treat as confidential all written and oral communications made in connection with or during any settlement conference. Neither the settlement conference statements nor communications during the conference with the settlement judge may be used by any party in the trial of the case unless otherwise permitted under Federal Rules of Evidence 408. No communication relating to or occurring at a Court-ordered settlement conference may be used in any aspect of any litigation except proceedings to enforce a settlement agreed to at the conference, unless otherwise permitted under Federal Rules of Evidence 408.

The issue then becomes whether, when a case settles after a court ordered settlement conference and without assistance from the court ordered settlement judge, the settlement agreement should be provided the same protection as if it had been reached in the settlement conference.  This court finds it should be, absent some exception in Rule 408.

Fed. R. Evid. 408 prohibits *admissibility* of evidence of compromise and offers of compromise "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount . .." (emphasis added).  Vivatone asserts that while the settlement agreement may not be admissible under Rule 408, it is discoverable under Fed. R. Civ. P. 26.

Discoverability of settlement agreements was addressed in *Multi-Tech Systems, Inc. v. Dialpad, Inc.*, 2002 WL 27141 (D. Minn.), an unreported case,

4

quoting *Young v. State Farm Mut. Auto Ins. Co.,* 169 F.R.D. 72, 76 (S.D.W.Va. 1996):   "When the requested discovery concerns a confidential settlement agreement, the majority of courts considering the issue have required the requesting party to meet a heightened standard, in deference to Federal Rule of Evidence 408, and the public policy to encourage settlements and to uphold confidentiality provisions."

*Multi-Tech* continued with a discussion of cases which did not adopt the heightened standard:

> Other courts have more recently considered the heightened standard applied by *Young* and its progeny to have improperly established a semi-privilege to confidential settlement agreements and negotiations. *See Folb v. Motion Picture Industry Pension and Health Plans,* 16 F. Supp. 2d. 1164, 1171 (C.A. Cal. 1998);  *aff'd,* 216 F. 3d. 1082 (9th Cir. 2000). Considered in combination with Fed.R.Civ.P. 26(b), the *Folb* court held that Fed.R.Evid. 408 "only protects disputants from disclosure of information to the trier of fact, not from discovery from a third party." *Id.*

Urging the court should adopt the reasoning in *Folb*, Vivatone asserts the discovery sought should be produced even if the court applies the heightened standard of *Young* and *Multi-Tech*.  Vivatone urges it  is relevant in a patent case because evidence of other licensing agreement royalties is admissible to assist the court in setting royalties in the patent case at issue.

 This issue was addressed in *Hanson v. Alpine Valley Ski Area, Inc.,* 718 F.2d 1075, 1078-1079 (C.A.Fed., 1983), which held:

> [S]ince the offers were made after the infringement had begun and

5

litigation was threatened, or probable, their terms "should not be considered evidence of an 'established royalty,'  since "[l]icense fees negotiated in the face of a threat of high litigation costs 'may be strongly influenced by a desire to avoid full litigation...' " *Panduit*, 575 F. 2d at 1164, n. 11, 197 USPQ at 736, n.11.

*See also Wang Laboratories, Inc., v. Mitsubishi Electronics America,  Inc.*, 860 F. Supp. 1448 (C.D.Cal. 1993). As Vivatone would clearly offer this evidence  to prove the amount of the disputed claim, this court concludes it is not relevant under Rule 26 and therefore not discoverable.

Additionally, in the instant case, the court conducted an *in camera* review of the settlement agreement following hearing and finds that it contains very strong, clear language requiring that the terms of the agreement be kept confidential.  The court assumes that such confidentiality was contracted for and supported by consideration. It should not be rendered meaningless by the court without strong justification.

This court need not consider whether a common law semi-privilege exits for settlement agreements and negotiations.  LCvR16.2(i) and the clear language of the settlement agreement provide that protection.  Regarding the policy concerns that have caused some courts to find a privilege for settlement discussions, counsel for Plaintiff advised the court that the potential production of the Phonak settlement agreement was already having a chilling effect on settlement discussions with other named defendants in the case at bar.

IT IS THEREFORE ORDERED that Defendant and Counterclaim Plaintiff

Vivatone Hearing Systems, LLC's Motion to Compel Plaintiff to Produce Documents Responsive to Request No. 11 [Dkt. #175] is denied.

DATED THIS 8TH DAY OF AUGUST, 2008.

Sam A. Joyner
United States Magistrate Judge

7